FILED by _____ D.C.

ELECTRONIC

**NOV 15, 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 07-20897-CR-HUCK/SIMONTON

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 1028(a)(7)
18 U.S.C. § 1028A
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

MARIO ALBERTO SIMBAQUEBA BONILLA,
      a/k/a "Mario Simbaqueba,"
      a/k/a "Mario Gaona,"
      a/k/a "Mario Alberto Simbaqueba,"
      a/k/a "Mario S. Bonilla,"
      a/k/a "Alberto Gaona,"
      a/k/a "Mario Simba,"
      a/k/a "Mario Simbaqueba Bonilla,"
      a/k/a "Mario Bsimbaqueba,"
      a/k/a "Mario Csimbaqueba,"
      a/k/a "Mario Psimbaqueba,"
      a/k/a "Mario Bonilla Simbaqueba,"
      a/k/a "Mario Ssimbaqueba," and
NEYLA ALEXANDRA VALERO,
      a/k/a "Neyla Valero,"
      a/k/a "Alexandra Valero,"

                    **Defendants.**

_____/

## <u>INDICTMENT</u>

The Grand Jury charges that:

## COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

1.      Beginning on or about June 9, 2004, and continuing until on or about August 31,

2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba," and**
**NEYLA ALEXANDRA VALERO,**
**a/k/a "Neyla Valero,"**
**a/k/a "Alexandra Valero,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine,

conspire, confederate and agree with each other and others unknown to the Grand Jury, to commit

certain offenses against the United States, that is:

      a.      to knowingly and with intent to defraud produce, use and traffic in one or

more counterfeit access devices, said conduct affecting interstate and foreign commerce, in violation

of Title 18, United States Code, Section 1029(a)(1);

      b.      to knowingly and with intent to defraud possess fifteen or more counterfeit

and unauthorized access devices, said conduct affecting interstate and foreign commerce, in violation

of Title 18, United States Code, Section 1029(a)(3);

-2-

c.      to intentionally access a computer without authorization and obtain information contained in a file from the files of a consumer reporting agency on a consumer, in violation of Title 18, United States Code, Section 1030(a)(2)(A);

d.      to knowingly possess and use without lawful authority, a means of identification of another person with the intent to commit and to aid and abet any unlawful activity that constitutes a violation of Federal law and obtain anything of value aggregating $1,000.00 or more during a 1-year period, in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D).

## Purpose of the Conspiracy

2.      It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves by stealing confidential, personal and financial records, and using such records to gain account access in order to obtain unauthorized credit cards, debit cards, pre-paid cards, and establish bank accounts used by the defendants for their own personal benefit.

## Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

3.      Defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** would install a malicious program code on computers located in hotel business centers around the world and would use that code to obtain login names, passwords, account data, and other personal and financial information of hotel guests using those computers.

4.      Defendant **MARIO ALBERTO SIMBAQUEBA BONILLA,** using the stolen personal and financial information, would use the internet to access payroll, investment, banking and

-3-

other accounts belonging to hotel guests.

5.      Defendant **MARIO ALBERTO SIMBAQUEBA BONILLA,** using the stolen personal and financial information, would thereafter create new credit cards, debit cards, pre-paid cards, bank and investment accounts in the names of the hotel guests as the primary account holders, and list himself as an additional user without their knowledge or approval.

6.      Defendant **MARIO ALBERTO SIMBAQUEBA BONILLA,** using the hotel guests stolen personal and financial information, would also create credit cards, debit cards, pre-paid cards, bank, and investment accounts in his name, or an alias, without their knowledge or approval.

7.      Defendants **MARIO ALBERTO SIMBAQUEBA BONILLA** and **NEYLA ALEXANDRA VALERO** would open mailboxes at commercial mailing facilities to receive counterfeit and unauthorized credit cards, debit cards, pre-paid cards, account statements, and other financial documents.

8.      Defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** would use the internet to alter the bank accounts of hotel guests and thereby cause the transfer of funds to accounts opened and controlled by him.

9.      Defendants **MARIO ALBERTO SIMBAQUEBA BONILLA** and **NEYLA ALEXANDRA VALERO** used the transferred funds and unauthorized credit and debit cards to purchase expensive electronics and personal luxuries, and to pay for domestic and international travel.

<u>**Overt Acts**</u>

In furtherance of the conspiracy, and to achieve the objects and purpose thereof, at least one of the co-conspirators committed and/or caused to be committed, in the Southern District of Florida,

-4-

and elsewhere, at least one of the following overt acts, among others:

1.      On or about June 9, 2004, defendant **NEYLA ALEXANDRA VALERO** opened a commercial mail box, # 131, at Pak Mail located at 762 S. U.S. 1, Vero Beach, Florida, listing her home address of 7930 N.W. 36th, Apt. 22, Miami, Florida on the application.

2.      On or about August 21, 2004, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened an E-Trade Brokerage account #60248238 in the name of C.M.H., listing an account mailing address of 762 S.U.S.1, #131, Vero Beach, Florida.

3.      On or about August 24, 2004, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** caused a wire transfer in the amount of $9,900.00 from H & Assoc., Regions Bank account #XXX-XX-XX-063, to be electronically deposited into the E-Trade Brokerage account #60248238.

4.      On or about August 24, 2004, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** caused a wire transfer in the amount of $15,000.00 from H & Assoc., Regions Bank account #XXX-XX-XX-063, to be electronically deposited into the E-Trade Brokerage account #60248238.

5.      On or about August 29, 2004, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA**, falsely representing himself as C.M.H., made a telephone inquiry from Vero Beach, Florida, to E-Trade Financial in Rancho Cordova, California, asking when the $9,900.00 wire transfer would be posted to his account.

6.      On or about September 7, 2004, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA,** falsely representing himself as C.M.H., made a telephone inquiry from Vero Beach, Florida, to E-Trade Financial in Rancho Cordova, California,  as to the availability of funds in E-

Trade Brokerage account #60248238.

7.      On or about November 16, 2005, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened Chase credit card # 4266-9240-0061-7409 in the name of J.H., and listed himself as an authorized user.

8.      On or about November 20, 2005, defendants **MARIO ALBERTO SIMBAQUEBA BONILLA** and **NEYLA ALEXANDRIA VALERO** opened Chase credit card # 4266-9240-0062-9933 in the name of T.J.M., and listed **NEYLA ALEXANDRA VALERO** as an authorized user.

9.      On or about February 14, 2006, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card # 4266-9240-0062-9933, in the name of T.J.M., to pay for a hotel room at the Wyndham Miami Airport Hotel, Miami, FL.

10.      On or about February 15, 2006, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card # 4266-9240-0062-9933, in the name of T.J.M., to pay for a hotel room at the Hamptom Inn & Suites, Port Lucie, FL.

11.      On or about February 18, 2006, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card # 4266-9240-0062-9933, in the name of T.J.M., to pay rental on a Pak Mail mailbox at 2244 S. Federal Hwy, Stuart, FL.

12.      On or about June 13, 2006, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened Greendot pre-paid debit card # 5111-2200-0289-8285 in the name of J.S., and listed himself as an authorized user.

13.      On or about July 26, 2006, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** used an unauthorized Chase credit card # 5111-2200-0289-8285, in the name of J.S., to make an online purchase of a home theater system delivered to C.D.S.

-6-

14.     On or about January 17, 2007, defendants **MARIO ALBERTO SIMBAQUEBA BONILLA** and **NEYLA ALEXANDRA VALERO** opened an unauthorized Chase credit card # 4266-9240-0206-2216 in the name of J.W., listing an account mailing address of 3610 Indian Wells Lane, Northbrook, IL.

15.     On or about January 20, 2007, defendant **NEYLA ALEXANDRA VALERO** opened a commercial mailbox, # 208, at Pak Mail located at 836 E. Rand Rd., Arlington Heights, IL, and listed defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** as an authorized user.

16.     On or about January 23, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened Greendot pre-paid debit card # 5111-2200-0406-8077 in the name of A.D. and listed defendant **NEYLA ALEXANDRA VALERO** as an authorized user.

17.     On or about January 24, 2007, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card #4266-9240-0206-2216, in the name of J.W., to pay for an American Taxi ride in the city of Northbrook, IL.

18.     On or about January 24, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened an unauthorized Chase credit card # 4266-9240-0209-5000 in the name of S.E., and listed an account mailing address of 6500 N. W. 114th Avenue, Doral, FL.

19.     On or about January 27, 2007, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card #4266-9240-0206-2216, in the name of J.W., to rent a Pak Mail mailbox in Schaumburg, IL.

20.     On or about January 28, 2007, defendant **NEYLA ALEXANDRA VALERO** used an unauthorized Chase credit card #4266 9240 0206 2216, in the name of J.W., to pay for services at Aldo US, Northbrook, IL.

-7-

21.    On or about January 28, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened a Wired Plastic prepaid card, # 4870-9301-0466-8743, in the name of J.H.

22.    On or about January 29, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** opened Netspend account # 2429769323 in the name of D.S., and listed an account mailing address of 1715 NW 79th Avenue, Miami, FL.

23.    On or about February 18, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA**, using an internet computer connection, opened an unauthorized  Chase credit card #4266-8411-3064-1390, in the name of D.B., and listed himself as an authorized user.

24.    On or about February 20, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** used a computer connected to the internet to access the  Defense Finance and Accounting Service (DFAS) MyPay account belonging to C.R., and diverted C.R.'s pay  to unauthorized Centennial Bank Account # 1112499395, opened in the name of J.H.

25.    On or about February 21, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** used a computer connected to the internet to access the  Defense Finance and Accounting Service (DFAS) MyPay account belonging to B.D., and diverted B.D.'s pay  to unauthorized Greendot pre-paid debit card he had opened in the name of A.D.

26.    On or about August 31, 2007, defendant **MARIO ALBERTO SIMBAQUEBA BONILLA** used Discover Card number # XXXX-XXXX-XXXX-5886, belonging to C.H., to purchase an American Airlines ticket for his travel from Bogotá, Columbia, to Miami, FL.

All in violation of Title 18, United States Code, Section 371.

-8-

## COUNT 2
### Access Device Fraud
### (18 U. S. C. §§ 1029(a)(2) and 2)

On or about November 19, 2005, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a Mario Ssimbaqueba,"**

did knowingly and with intent to defraud use one or more unauthorized access devices during any

one year period, to wit, Chase credit card #4266-9240-0062-8109 opened in the name of M.T.D., and

by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said

conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code,

Sections 1029(a)(2) and 2.

## COUNT 3
**Access Device Fraud**
**(18 U.S.C. §§ 1029(a)(2) and 2)**

On or about November 20, 2005, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendants,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
a/k/a "Mario Simbaqueba,"
a/k/a "Mario Gaona,"
a/k/a "Mario Alberto Simbaqueba,"
a/k/a "Mario S. Bonilla,"
a/k/a "Alberto Gaona,"
a/k/a "Mario Simba,"
a/k/a "Mario Simbaqueba Bonilla,"
a/k/a "Mario Bsimbaqueba,"
a/k/a "Mario Csimbaqueba,"
a/k/a "Mario Psimbaqueba,"
a/k/a "Mario Bonilla Simbaqueba,"
a/k/a Mario Ssimbaqueba," and
**NEYLA ALEXANDRA VALERO,**
a/k/a "Neyla Valero,"
a/k/a "Alexandra Valero,"

did knowingly and with intent to defraud use one or more unauthorized access devices during any

one-year period, to wit, Chase credit card #4266-9240-0062-9933, opened in the name of T.J.M., and

by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said

conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code,

Sections 1029(a)(2) and 2.

-10-

**COUNT 4**
**Access Device Fraud**
**(18 U.S.C. §§ 1029(a)(2) and 2)**

On or about January 21, 2007, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a Mario Ssimbaqueba,"**

did knowingly and with intent to defraud use one or more unauthorized access devices during any

one-year period, to wit, Chase credit card #4266-9240-0207-9806 opened in the name of M.J., and

by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said

conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code,

Sections 1029(a)(2) and 2.

-11-

## COUNT 5
**Access Device Fraud**
**(18 U. S. C. §§ 1029(a)(2) and 2)**

On or about January 25, 2007, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly and with intent to defraud use one or more unauthorized access devices during any

one-year period, to wit, Chase credit card #4266-9240-0210-0586 opened in the name of J.S., and

by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said

conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code,

Sections 1029(a)(2) and 2.

-12-

## COUNT 6
### Access Device Fraud
### (18 U. S. C. §§ 1029(a)(2) and 2)

On or about January 25, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly and with intent to defraud use one or more unauthorized access devices during any one year period, to wit, Chase credit card #4266-9240-0209-7519 opened in the name of H.T., and by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

-13-

## COUNT 7
**Access Device Fraud**
**(18 U. S. C. §§ 1029(a)(2) and 2)**

On or about October 21, 2007, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Cimbaqueba,"**
**a/k/a "Mario Pimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly and with intent to defraud use one or more unauthorized access devices during any

one year period, to wit, Chase credit card #4266-9240-0207-9749 opened in the name of P.S., and

by such conduct obtained anything of value aggregating $1,000.00 or more during that period, said

conduct affecting interstate and foreign commerce; in violation of Title 18, United States Code,

Sections 1029(a)(2) and 2.

-14-

## COUNT 8
### Identity Theft
### (18 U. S. C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2)

On or about August 31, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the Social Security number of T.J.M., with the intent to commit and to aid and abet any unlawful activity that constitutes a violation of federal law, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and by such conduct, the defendant obtained items of value, that is, goods and services aggregating $1,000.00 or more during a one-year period; in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D) and 2.

-15-

## COUNT 9
**Identity Theft**
**(18 U. S. C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2)**

On or about August 31, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the Social Security number of P.S., with the intent to commit and to aid and abet any unlawful activity that constitutes a violation of federal law, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and by such conduct, the defendant obtained items of value, that is, goods and services aggregating $1,000.00 or more during a one-year period; in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D) and 2.

-16-

## COUNT 10
### Identity Theft
### (18 U. S. C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2)

On or about August 31, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the Social Security number of J.S., with the intent to commit and to aid and abet any unlawful activity that constitutes a violation of federal law, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and by such conduct, the defendant obtained items of value, that is, goods and services aggregating $1,000.00 or more during a one-year period; in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D) and 2.

-17-

## COUNT 11
### Identity Theft
### (18 U. S. C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2)

On or about August 31, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the Social Security number of H.T., with the intent to commit and to aid and abet an unlawful activity that constitutes a violation of federal law, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and by such conduct, the defendant obtained items of value, that is, goods and services aggregating $1,000.00 or more during a one-year period; in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D) and 2.

-18-

## COUNTS 12 - 16
### Aggravated identity Theft
### (18 U.S.C. § 1028A (a)(1) and 2)

On or about the dates listed below, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendant,

**MARIO ALBERTO SIMBAQUEBA BONILLA,**
**a/k/a "Mario Simbaqueba,"**
**a/k/a "Mario Gaona,"**
**a/k/a "Mario Alberto Simbaqueba,"**
**a/k/a "Mario S. Bonilla,"**
**a/k/a "Alberto Gaona,"**
**a/k/a "Mario Simba,"**
**a/k/a "Mario Simbaqueba Bonilla,"**
**a/k/a "Mario Bsimbaqueba,"**
**a/k/a "Mario Csimbaqueba,"**
**a/k/a "Mario Psimbaqueba,"**
**a/k/a "Mario Bonilla Simbaqueba,"**
**a/k/a "Mario Ssimbaqueba,"**

as listed in the counts below, during and in relation to a felony violation of Title 18, United States

Code, Section 1029(a)(2), knowingly transferred, possessed and used, and caused to be transferred,

possessed and used, without lawful authority, a means of identification of another person:

| Count | Approximate Date | Means of Identification |
|-------|------------------|-------------------------|
| 12 | 02/15/2006 | Chase Visa account opened in the name of an individual with the initials T.J.M. |
| 13 | 01/22/2007 | Chase Visa account opened in the name of an individual with the initials M.J. |
| 14 | 02/04/2007 | Chase Visa account opened in the name of an individual with the initials P.S. |
| 15 | 02/09/2007 | Chase Visa account opened in the name of an individual with the initials J.S. |

| Count | Approximate Date | Means of Identification |
|-------|------------------|-------------------------|
| 16    | 02/09/2007       | Chase Visa account opened in the name of an individual with the initials H.T. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

TRUE BILL

FOREPERSON                                      $^{1}/15/07$

K____ N____

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

RICHARD D. BOSCOVICH
ASSISTANT UNITED STATES ATTORNEY

-20-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

vs.

### CERTIFICATE OF TRIAL ATTORNEY*

MARIO ALBERTO SIMBAQUEBA BONILLA, et al.,

                Defendants.
_____/            **Superseding Case Information:**

**Court Division:** (Select One)            New Defendant(s)        Yes _____    No _____
                                            Number of New Defendants    _____
__X__  Miami ____  Key West ____            Total number of counts      _____
____  FTL ____  WPB ____  FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     __Yes__
    List language and/or dialect     __Spanish_____

4.  This case will take     __7__     days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                            (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | _____ | Petty | _____ | |
    | II | 6 to 10 days | __X__ | Minor | _____ | |
    | III | 11 to 20 days | _____ | Misdem. | _____ | |
    | IV | 21 to 60 days | _____ | Felony | __X__ | |
    | V | 61 days and over | _____ | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)     __No__
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     __No__
    If yes:
    Magistrate Case No.     _____
    Related Miscellaneous numbers:     _____
    Defendant(s) in federal custody as of     _____
    Defendant(s) in state custody as of     _____
    Rule 20 from the     _____    District of     _____

Is this a potential death penalty case? (Yes or No)     _____

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?     _____ Yes     __X__ No

8.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?     _____ Yes     __X__ No
    If yes, was it pending in the Central Region?     _____ Yes     _____ No

9.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     __X__ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?     _____ Yes     __X__ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     __X__ No

                                    RICHARD D. BOSCOVICH
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Florida Bar No. 0829013

*Penalty Sheet(s) attached                                    REV.9/11/07

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  MARIO ALBERTO SIMBAQUEBA BONILLA,

a/k/a "Mario Simbaqueba,"a/k/a "Mario Gaona,"a/k/a "Mario Alberto Simbaqueba,"a/k/a "Mario S. Bonilla," a/k/a "Alberto Gaona," a/k/a "Mario Simba," a/k/a "Mario Simbaqueba Bonilla," a/k/a "Mario Bsimbaqueba," a/k/a "Mario Csimbaqueba," a/k/a "Mario Psimbaqueba,"a/k/a "Mario Bonilla Ssimbaqueba"

Case No: _____

Count #: 1       -    18 U.S.C. § 371

Conspiracy to Commit to an Offense Against the United States; that is,

Access Devise Fraud, Identity Theft, and Aggravated Identity Theft.

**\*Max Penalty**:    5 years' imprisonment

Counts #: 2 - 7 -    18 U.S.C. § 1029(a)(2)

Access Device Fraud

**\*Max Penalty:**    10 years' imprisonment

Counts #: 8 - 11 -    18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D)

Identity Theft

**\*Max Penalty**:    15 years' imprisonment

Counts #: 12-16  -    18 U.S.C. § 1028A

Aggravated Identity Theft

**\*Max Penalty**:    2 years' imprisonment consecutive

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA


### PENALTY SHEET

**Defendant's Name:**   NEYLA ALEXANDRA VALERO , a/k/a "Neyla Alexandra Valero,
a/k/a "Alexandra Valero"

**Case No:** _____

Count #: 1      -    18 U.S.C. § 371

_____ Conspiracy to Commit to an Offense Against the United States; that is,

_____ Access Device Fraud, Identity Theft, and Aggravated Identity Theft.

**\*Max Penalty**:      5 years' imprisonment

Count #: 3      -    18 U.S.C. § 1029(a)(2)

_____ Access Device Fraud

_____

**\*Max Penalty:**      10 years' imprisonment

Counts #:

_____

_____

**\*Max Penalty**:

Count #:

_____

_____

**\*Max Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**